**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 19-CR-2007-CJW-MAR |
| vs. | **ORDER** |
| STEVEN LEE SISK, | |
| Defendant. | |

_____

This matter is before the Court on defendant's Motion to Withdraw Guilty Plea. (Doc. 57). After being granted an extension of time, the government filed a timely resistance. (Docs. 60, 61, & 64). In his motion, defendant asserts his former counsel David Mullin ("Mullin" or "former counsel") rendered ineffective assistance during the plea agreement process. Specifically, defendant asserts former counsel failed to sufficiently investigate the allegations against defendant, failed to fully explain the consequences of the plea agreement, and failed to give defendant sufficient time to understand the terms of the plea agreement. (*Id.*, at 2). Defendant now maintains that he is innocent of the bank robbery charged in the indictment. (Doc. 2). For the following reasons, the Court **denies** defendant's motion.

## *I.    BACKGROUND*

On February 5, 2019, a grand jury charged defendant with one count of bank robbery in violation of 18 U.S.C. § 2113(a). (Doc. 2). On February 11, 2019, defendant was arrested, and Mullin was appointed to represent defendant. (Docs. 6 & 7). That same day, defendant appeared before United States Magistrate Judge Mark A. Roberts and entered a plea of not guilty. (Doc. 10). On February 13, 2019, defendant was ordered detained pending trial. (Docs. 15 & 16). On March 21, 2019, the Court granted

defendant's motion to continue trial. (Docs. 17 & 18). On June 10, 2019, the Court denied defendant's second request for a continuance. (Docs. 27 & 28). Trial was scheduled for the week of July 1, 2019. (Doc. 26).

On June 25, 2019, defendant changed his plea to guilty and the Court accepted the plea agreement between the parties. (Docs. 39, 41, & 43). On July 11, 2019, Mullin moved to withdraw as counsel at defendant's request. (Doc. 45). On July 17, 2019, the Court granted Mullin's motion to withdraw and appointed new counsel to defendant. (Docs. 48 & 49). On July 22, 2019, defendant moved to extend time to withdraw his guilty plea. (Doc. 51). On July 24, 2019, the Court granted defendant an extension to August 22, 2019. (Doc. 52). On August 23, 2019, defendant filed an untimely request for further extension of the deadline. (Doc. 55). On August 29, 2019, the Court granted defendant an extension to September 23, 2019. (Doc. 56). On September 23, 2019, defendant moved to withdraw his guilty plea. (Doc. 57). On October 4, 2019, defendant's second appointed counsel was terminated, and defendant was again appointed new counsel. (Doc. 62).

## II. ANALYSIS

A defendant has no absolute right to withdraw a guilty plea. *See United States v. Nichols*, 986 F.2d 1199, 1201 (8th Cir. 1993). A district court may allow a defendant to withdraw his guilty plea if he shows a "fair and just reason," FED. R. CRIM. P. 11(d)(2)(B), but a guilty plea should not "be set aside lightly." *United States v. Prior*, 107 F.3d 654, 657 (8th Cir. 1997). "'The defendant bears the burden of showing fair and just grounds for withdrawal.'" *United States v. Rollins*, 552 F.3d 739, 741 (8th Cir. 2009) (quoting *United States v. Mugan*, 441 F.3d 622, 630–31 (8th Cir. 2006)). "When a defendant has entered a knowing and voluntary plea of guilty at a hearing at which he acknowledged committing the crime, 'the occasion for setting aside a guilty plea should seldom arise.'" *United States v. Morrison*, 967 F.2d 264, 268 (8th Cir. 1992) (quoting

2

*United States v. Rawlins*, 440 F.2d 1043, 1046 (8th Cir. 1971)). "Even if such a fair and just reason exists, before granting the motion a court must consider 'whether the defendant asserts his innocence of the charge, the length of time between the guilty plea and the motion to withdraw it, and whether the government will be prejudiced if the court grants the motion.'" *United States v. Ramirez-Hernandez*, 449 F.3d 824, 826 (8th Cir. 2006) (quoting *Nichols*, 986 F.2d at 1201). "Where the court sees no fair and just reason to permit withdrawal, however, these additional matters need not be considered." *Id.*

Here, defendant asserts his guilty plea should be set aside due to ineffective assistance rendered by former counsel. Defendant alleges ineffective assistance for two reasons. First, defendant argues former counsel failed to sufficiently investigate the allegations against defendant. (Doc. 57, at 2). Specifically, defendant asserts he told former counsel that he was incapable of committing the bank robbery due to his multiple sclerosis. (*Id.*, at 5). Defendant notes that he has had two hip replacement surgeries, one before and one after the alleged robbery. (*Id.*). During his investigation, former counsel met with defendant's surgeon, Dr. Richard Naylor ("Dr. Naylor") and showed Dr. Naylor three still photographs of the bank robbery for purposes of identification. (*Id.*). Defendant asserts that former counsel's failure to show Dr. Naylor a full video of the robbery prevented Dr. Naylor from assessing the robber's movement and whether defendant was capable of such movement in light of his medical condition. (*Id.*).

Second, defendant asserts former counsel failed to adequately explain the terms of the plea agreement and failed to give defendant sufficient time to review the plea agreement. Defendant alleges there was "much confusion" between the government and former counsel regarding sentencing guideline calculations in the plea agreement. (Doc. 57, at 4). This confusion, defendant alleges, caused former counsel to present the final plea agreement to defendant less than a day before defendant's change of plea hearing. (*Id.*). Defendant alleges former counsel did not fully explain the consequences of the

3

plea agreement, particularly in light of defendant's limited reading ability. (*Id.*, at 6). Although defendant acknowledges the Court took steps to ensure defendant understood the terms of the plea agreement, defendant asserts the Court "did not understand the profundity of [defendant's] inability to comprehend the language particular to that legal proceeding." (*Id.*, at 6-7).

"Claims of ineffective assistance of counsel . . . are usually best litigated in collateral proceedings." *Ramirez-Hernandez*, 449 F.3d at 826-27. The test from *Strickland v. Washington* "applies to challenges to guilty pleas based on ineffective assistance of counsel." *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). Under *Strickland*, a defendant must show "that counsel's representation fell below an objective standard of reasonableness" and that "there is a reasonable probability that, but for counsel's errors, [defendant] would not have pleaded guilty and would have insisted on going to trial." *Id.*, at 57, 59. Motions for withdrawal of a guilty plea based on ineffective assistance of counsel may be denied when the "claim directly contradicts statements [defendant] made under oath at his guilty plea hearing . . . that he was totally satisfied with his attorney's legal assistance." *United States v. Trevino*, 829 F.3d 668, 672 (8th Cir. 2016). "The failure to assert objections to counsel's performance at the change-of-plea hearing refutes any claim of ineffective assistance of counsel as a basis for withdrawing the plea." *Id.*

Here, the Court notes that defendant's claim of ineffective assistance of counsel was not timely asserted and that the record is not developed on this issue. *See id.* Further, defendant's claim of ineffective assistance of counsel is directly contradictory to his statement during the change of plea hearing that he was generally satisfied with former counsel's services. (Doc. 52, at 7). Despite these deficiencies, the Court will review defendant's claim in the interests of justice. *See Ramirez-Hernandez*, 449 F.3d at 826-27. The Court finds that defendant has failed to satisfy the *Strickland* test for ineffective assistance of counsel.

4

First, the record shows that former counsel sufficiently investigated the allegations against defendant. In its resistance, the government claims that "[former counsel's] notes and recollection reflect that he did show Dr. Naylor the video [of the bank robbery] and discussed the matter with Dr. Naylor who indicated that he could not exclude defendant as the person in the video." (Doc. 64, at 14). Thus, the basis for defendant's ineffective assistance of counsel claim is factually incorrect.

Even assuming defendant is correct that former counsel did not show Dr. Naylor the video, such a failure would not fall "below an objective standard of reasonableness." *See Hill*, 474 U.S. at 58. Although a video may have been more effective, former counsel exercised reasonable diligence in presenting three photographs to Dr. Naylor. *See Laws v. Armontrout*, 863 F.2d 1377, 1385-86 (8th Cir. 1988) ("Counsel need not attain perfection, but he must exercise reasonable diligence to produce exculpatory evidence.") (quotation omitted). The photographs enabled Dr. Naylor to evaluate the robber's identity and consider whether defendant would be capable of such activity, even if Dr. Naylor could not assess the robber's particular movements. Furthermore, it is unlikely that Dr. Naylor's assessment of the video would have shifted the evidence so greatly that former counsel would not have recommended reaching a plea agreement. *See Tran v. Lockhart*, 849 F.2d 1064, 1066-67 (8th Cir. 1988) ("[W]here the alleged error is a failure to investigate . . . , the determination whether the error 'prejudiced' the defendant by causing him to plead guilty . . . will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea.") (quotation omitted). As a result, the Court rejects defendant's motion to withdraw his plea on this basis.

Second, the record shows defendant had sufficient time to review the plea agreement. The government submitted plea agreements to defendant on March 20, May 9 ("draft agreement"), and June 24 ("final agreement") of 2019. (Doc. 42, at 12, 14).

The draft agreement and final agreement were identical except for the removal of language relating to timely acceptance of responsibility from the final agreement. (*Id.*). On June 23, 2019, defendant and former counsel met with the government to discuss the draft agreement. (Doc. 53, at 25). During that meeting, the government mistakenly represented that defendant's offense level would be scored at level 34 prior to acceptance of responsibility. (Doc. 53, at 25-26). The draft agreement and final agreement, however, both correctly noted that defendant's offense level would only be 32. (*Id.*). The government quickly realized it had misspoken and promptly reached out to former counsel to rectify any confusion. (*Id.*). On June 24, 2019, defendant signed the final agreement after consulting with former counsel. (Doc. 42, at 14). On June 25, 2019, defendant entered his guilty plea at the hearing. (Doc. 53, at 23).

Although defendant only had the final agreement for less than a day, he had a nearly identical draft since May 9, 2019. (Doc. 42, at 12). Defendant fully discussed the terms of the final agreement with former counsel and the government two days before changing his plea. (Doc. 53, at 25). Any confusion between the parties was only oral; both versions of the plea agreement were correct as to defendant's offense level. (*Id.*). Furthermore, any confusion resulting from this minor error was promptly corrected by the government and explained to defendant by former counsel. (*Id.*). Defendant fails to state how this error prejudiced him in entering his guilty plea. Moreover, defendant was aware that the agreement was not binding on the Court and that a different sentence could have been imposed regardless. (Doc. 42, at 4); *see also United States v. Hernandez*, 449 F.3d 824, 826 (8th Cir. 2006) (holding that a defendant may not withdraw a plea "merely because he misunderstands how the sentencing guidelines will apply," even if "the misunderstanding is caused by defense counsel's erroneous estimation" of the sentence, so long as the court informs defendant of the statutory range and applicable guidelines for sentencing). On this record, the Court finds defendant had sufficient time to review

the terms of the plea agreement and that any "confusion" was negligible. As a result, the Court rejects defendant's motion to withdraw his plea on this basis.

Last, the record shows both former counsel and the Court took sufficient steps to ensure defendant understood the nature and consequences of his plea. At the hearing, defendant agreed that he had a full opportunity to review the charge against him with former counsel. (Doc. 53, at 3). Defendant was placed under oath and made aware of the importance of answering truthfully. (*Id.*, at 3-4). The Court asked defendant whether there was any reason defendant "might have difficulty understanding" the purpose of the hearing. (*Id.*, at 6). Defendant denied having any confusion and agreed that he would interject if confused at any point; he never did. (*Id.*). The Court advised defendant of his rights and defendant voluntarily waived such rights. (*Id.*, at 6-9). Defendant admitted to all the elements of the offense on the record as described in the plea agreement between the parties. (Docs. 42 & 53, at 9-12, 13-14). Defendant acknowledged that he read, understood, signed, and agreed to the terms of the plea agreement. (Doc. 53, at 12-13). Defendant stated that he only had an eighth-grade education and had "a little bit" of difficulty reading and understanding English. (*Id.*, at 4-5). Defendant, however, merely stated that some words were unfamiliar to him and that he often cannot understand longer words. (*Id.*). In light of his reading difficulties, defendant stated that former counsel reviewed the plea agreement with him, answered his questions, and read to him any parts he was unable to read. (*Id.*, at 12-13). Defendant also stated that he was generally satisfied with former counsel's services. (*Id.*, at 7). The Court discussed the consequences of defendant's plea with him and confirmed defendant understood. (*Id.*, at 15-19). Defendant, after repeated questioning from the Court, again affirmed he understood the entirety of the hearing and entered his guilty plea. (*Id.*, at 22-23). On this record, the Court has no grounds to find that the plea agreement was not sufficiently

and repeatedly explained to defendant by both former counsel and the Court. As a result, the Court rejects defendant's motion to withdraw his plea on this basis.

For the above reasons, the Court cannot identify a fair and just reason to justify the withdrawal of defendant's guilty plea at this stage. *See* FED. R. CRIM. P. 11(d)(2)(B). Even if a fair and just reason was present, the Court notes that the relevant factors weigh against withdrawal here. *See Ramirez-Hernandez*, 449 F.3d at 826. Although defendant now maintains his innocence, he has presented no evidence which contradicts his prior admissions. *See, e.g.*, *United States v. Cruz*, 643 F.3d 639, 643 (8th Cir. 2011) (finding defendant "presented no convincing evidence to establish that his prior admissions of guilt were untrue."); *United States v. Goodson*, 569 F.3d 379, 383 (8th Cir. 2009) (holding that a "mere assertion of innocence" is insufficient to warrant withdrawal of a guilty plea). There was a substantial length of time between defendant's guilty plea on June 25, 2019, and eventual motion to withdraw on September 23, 2019. (Docs. 43 & 57). The Court granted defendant two extensions of time to file a motion to withdraw, despite one of those requests being untimely. (Docs. 52 & 56). The government would also suffer prejudice from a change in plea at this stage. Defendant entered his guilty plea just three days before jury selection for trial. (Doc. 26). If defendant were permitted to withdraw his plea, the government would be forced to repeat all the effort it had already expended preparing this matter for trial. Given defendant's unsupported assertion of innocence, substantial delay in moving to withdraw his plea, and the prejudice posed to the government, the Court finds the factors favor denying withdrawal. *See Ramirez-Hernandez*, 449 F.3d at 826.

### *III.  CONCLUSION*

For the aforementioned reasons, the Court finds defendant has not shown a fair and just reason to set aside his guilty plea.  *See* FED. R. CRIM. P. 11(d)(2)(B). Accordingly, the Court **denies** defendant's motion.  (Doc. 57).

**IT IS SO ORDERED** this 10th day of October, 2019.

_____
C.J. Williams
United States District Judge
Northern District of Iowa